**FALICH v B F GOODRICH CO**

Ohio Appeals, 9th Dist, Summit Co

No 2514.   Decided June 24, 1935

Brouse, Englebeck, McDowell, May & Bierce, Akron, for plaintiff in error.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for defendant in error.

## OPINION

By STEVENS, J.

Three claims of error are urged by plaintiff: first, error in the admission of evidence offered by defendant; second, error in the exclusion of evidence offered by plaintiff; and third, error in directing a verdict for defendant.

■ It is claimed by plaintiff that the trial court erred, to the prejudice of plaintiff, in receiving into evidence, over the objection of plaintiff, the testimony of doctors who were offered as witnesses by the defendant, which testimony pertained to the cause of the death of decedent, and the opinions of the witnesses with reference thereto.

· The record discloses that, in the hearing before the Industrial Commission, no objection was interposed by plaintiff to the receipt into evidence of said testimony of said doctors, and we are of the opinion that plaintiff must be held to have waived the right to object to said testimony when the same was offered in the Court of Common Pleas by reason of her failure to object to its competency in the hearing before the Industrial Commission of Ohio. (§1465-90, GC).

■ During the trial, certain evidence, consisting of statements made by the decedent tending to prove that he did suffer an injury, was offered by the plaintiff, but such statements were excluded by the trial judge as incompetent, for the reason that they were not properly a part of the res gestae.

The court, in passing upon the evidence, had before it those statements, and, assuming that all of said rejected evidence was competent, and that such evidence, together with the other evidence adduced, would have justified a finding that decedent did suffer an injury in the course of his employment, we are of the opinion, in view of the conclusion hereinafter announced, and of the reasons therefor, that the rejection of said evidence, if the same was properly admissible, did not constitute reversible error.

■ Did the court err in directing a verdict for the defendant?

In **Hamden Lodge, etc. v The Ohio Fuel Gas Co., 127 Oh St 469,** the Supreme Court of Ohio said:

"3. Upon motion to direct a verdict the party against whom the motion is made is entitled to have the evidence construed most strongly in his favor. But if upon any essential issue, after giving the evidence such favorable construction, reasonable minds can come to but one conclusion and that conclusion is adverse to such party, the judge should direct a verdict against him."

All of the cases cited by plaintiff in this connection arose and were decided prior to the decision in the Hamden Lodge case, and inasmuch as they are diametrically opposed to the latest pronouncement of the Supreme Court, they cannot be controlling herein.

In **Bond Stores, Inc. v Miller, Admrx., 18 ABS 549,** this court, speaking through Washburn, PJ, said:

"* * * the Supreme Court * * * in the case of **Hamden Lodge, etc. v The Ohio Fuel Gas Co., 127 Oh St 469,** decided to expressly abandon the scintilla rule and substitute therefor a rule which does permit both the trial and reviewing courts to weigh the evidence, whether of disputed facts or inferences, to the extent of determining whether the evidence in reference to the essential facts put in issue, and the reasonable inference deducible therefrom, are such that, as fair-minded men, a jury should reasonably arrive at but one conclusion; and if the court so determines, and such conclusion is favorable to the defendant, the court is charged with the duty of rendering judgment in accordance with such determination."

A reading and consideration of the entire record herein, including the evidence proffered by plaintiff and rejected by the court, convinces all of the members of this court that reasonable minds cannot reasonably conclude, from the evidence herein, that there was any causal connection between the injury claimed to have been sustained by the decedent and his death, and that therefore the trial court did not err in directing a verdict for the defendant.

Judgment affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.